*1841.*

Trust and Fire Ins. Co. v. Jenkins.

---

THE TRUST AND FIRE INSURANCE COMPANY *vs.* JENKINS and others.

Where the complainant, after answer, obtained a special order for leave to amend, and that the defendant should answer the amended bill within forty days after service of the amendments and a copy of the order, or that such amended bill be taken as confessed; and the defendant, upon being applied to by the complainant's solicitor, refused either to put in a further answer to the amended bill, or to consent that his former answer should be considered as an answer to such amended bill, so as to enable the complainant to put the cause at issue by filing a replication to the answer; *Held,* that the complainant was regular in entering an order to take the amended bill as confessed, after the expiration of the forty days from the time of the service of the amendments and of the order to answer the same.

If the complainant amends his bill after answer, the defendant has the right

to put in a further answer to the amended bill, or even to make a new defence, if he thinks proper to do so; although the complainant waives a further answer.

But in case the complainant waives a further answer to the amended bill, and the amendment is merely formal, requiring no further answer to protect the rights of the defendant, costs of putting in a new or further answer will not be allowed. And if the defendant elects to put in an entirely new defence to the bill, in such a case, the costs thereof must abide the event of the suit.

Where an amendment of the bill is made after answer, under a special order of the court, if the complainant intends to waive the necessity of a further answer to the amendments, the order itself should contain a recital of such waiver; according to the English practice in such cases. And the order, in that case, should direct the defendant to answer the amended bill within forty days after service of the amendments and of the order, or that his former answer stand as his answer to such amended bill.

And where an amendment is made under a special order, if the complainant intends to require a further answer, the order instead of waiving such answer, should contain the usual direction, that the defendant answer the bill as amended within the forty days, or that the same be taken as confessed, or, when a further discovery is necessary, that an attachment issue, &c.

But where the bill is amended of course, after answer, without any order for that purpose, under the 43d rule of the court, if the complainant intends to waive a further answer to the amendments, he should, at the time of serving such amendments on the defendant's solicitor, give to him a written notice that a further answer is waived, and that if he does not answer the amendments, within forty days, he will be considered as having elected that his former answer should stand as an answer to the bill as amended.

Upon an amendment of course after answer, where there is no order for leave to amend, and the complainant does not intend to waive a further answer, he may enter the usual order of course, that the defendant answer the amended bill, within the forty days, or that it be taken as confessed; or that an attachment issue, &c. as the case may be.

Where a further answer to the amendments is properly waived, if the defendant does not, within the forty days, answer, plead, or demur to the amended bill, or obtain an extension of the time to answer, the answer already put in will stand as the answer to the amended bill. And the complainant must then reply to the same within the ten days, allowed by the 65th rule, or he will be precluded from replying to such answer.

In all cases of amendment to a bill, the complainant may reply to the answer, within the usual time after the amended bill is deemed to be fully answered; unless the court, in the order allowing him to amend, has deprived him of that right.

Where the complainant amends his bill after answer, if a further answer to the amended bill is not waived, the defendant must put in a further answer to the amendments; or the complainant will be entitled to an order taking the whole bill, as amended, confessed.

1841.

Trust and Fire
Ins. Co.
v.
Jenkins.

January 25.

The case of *Weaver* v. *Livingston*, (*Hopk. Rep.* 595,) as to taking an amend-ed bill as confessed after answer had been put in to the original bill, commented on and explained.

THIS was an appeal from an order of the vice chancellor of the first circuit, setting aside the complainant's order taking the bill as confessed against the defendant Andrews, and all subsequent proceedings thereon, for irregularity, with costs. After the defendant Andrews had perfected his answer to the bill, the complainants made a special application to the court upon notice, and with the consent of the solicitor of Andrews obtained an order for leave to amend their bill, by making A. Palmer and the wife of the defendant Andrews, and any other person who might have succeeded to the right of Palmer, parties defendants, and also as they might be advised ; and that the respective defendants should have forty days after service of the amendments and a copy of the order, to answer the bill as amended, and in default thereof that the bill be taken as confessed by the defendants respectively ; and that the complainants pay to the defendant, Andrews, the costs of opposing the motion, and also his taxed costs of putting in a further answer to the bill as amended, if he should be advised to put in such further answer, and that his wife be at liberty to put in a separate answer.

The bill was amended accordingly, by making the wife of Andrews, A. Palmer, H. Warren and A. C. Clements parties defendants ; and by making some few slight alterations in the bill as to the statements of the defendants' rights as subsequent purchasers or otherwise, and in the prayer for relief. The amendments were duly served on the solicitor of Andrews, and the costs paid. Andrews neglected to put in a further answer to the amendment, or to give notice of his election to abide by his former answer, as his answer to the amended bill, so as to give the complainants a right to file a replication thereto ; claiming the right to consider the cause as at issue upon bill and answer, upon his answer originally put in. He offered however to stipulate that the amendments merely might

be taken as confessed for want of an answer thereto. The complainants' solicitor being unable to get an answer to the amended bill, entered an order to take it as confessed against Andrews ; and referring it to a master to compute the amount due.

*L. H. Sandford,* for the appellants.

*P. Burrowes,* for the respondent, Andrews.

THE CHANCELLOR. The affidavit on the part of the complainants shows that a replication to the answer of Andrew · was necessary to enable them to bring the cause to a hearing upon its merits. The only question, therefore, was as to which party was technically right upon the point of practice. For where a party insists upon retaining a mere technical advantage of his adversary, if it turns out that he himself has mistaken the practice, and that the adverse party was in the right, the latter is of course entitled to his costs.

Where the complainant amends his bill after answer, the defendant has a right in all cases to put in a further answer, or even a new defence to the amended bill, if he thinks proper to do so. (*Bolton* v. *Bolton,* 1 *Dan. Ch. Prac.* 519. *Savory* v. *Dyer, Amb. Rep.* 70. *Bosanquet* v. *Marsham,* 4 *Sim. Rep.* 573. *Gambier* v. *Leheup,* 1 *Dickens,* 44. *Richardson* v. *Richardson,* 5 *Paige's Rep.* 58.) But where the complainant waives the putting in of a further answer to the amended bill, the defendant will *not,* upon a mere formal amendment which in fact requires no further answer to protect his rights, be allowed costs of putting in a new answer to the amendments. And if he elects to put in an entirely new defence to the bill, in such a case, the costs of such new defence must abide the event of the suit. By the practice in England, where no amendment is allowed except upon a previous order, if the complainant is permitted to amend after the answer of the defendant is put in, the order itself shows that a further

answer is waived ; in case he does not intend to require such answer. And in the late case of *Boddington* v. *Woodley,* (9 *Simon's Rep.* 380,) where the complainant obtained an order to amend, without stating in such order that he did not require a further answer to the amended bill, and after waiting the usual time for an answer filed his replication without taking out a subpœna to answer the amendments, the vice chancellor decided that the proceedings were irregular. And the defendant was allowed six weeks to answer the amended bill, although there was no affidavit on his part that a further answer was necessary to his defence. By the practice there, if the order to amend waives a further answer, the complainant must wait the usual time, to allow the defendant to answer gratis, before he is at liberty to file his replication. (*Lloyd* v. *Lloyd,* 2 *Cox. Ch. Cas.* 431.) And then if no answer, plea or demurrer to the amended bill has been put in, the defendant is considered as having elected to have his former answer stand as the answer to the bill as amended. After that the complainant must file his replication within the time allowed by the rules of the court for that purpose, or the defendant may apply to dismiss the bill for want of prosecution, as in other cases. But if the order for amendment requires a further answer to the amendments, the complainant takes out a subpœna for such further answer ; and then if the defendant does not put in his further answer within the time allowed by the rules of the court for that purpose, the whole bill as amended may be taken pro confesso, for want of a full and perfect answer thereto. (1 *Daniel's Ch. Prac.* 509.)

At an early day, soon after the practice of taking bills as confessed without requiring proof thereof was first adopted, Lord King overruled a decision of Sir Joseph Jekyl, the master of the rolls, which allowed the whole bill to be taken as confessed for want of a further answer, (*Hawkins* v. *Crook,* 2 *Peer Wms.* 559.) But he in effect overruled his own decision in that case a few months afterwards, in *Abergavenny* v. *Abergavenny,* (2 *Eq. Ca. Abr,*

1841.

Trust and Fire Ins. Co. v. Jenkins.

1841.

Trust and Fire
Ins. Co.
v.
Jenkins.

179; 4 *Vin. Abr.* 446, *S. C.*) Lord Hardwick also refused to be bound by the decision in *Hawkins* v. *Crook*, in the case of *Davis* v. *Davis*, which came before him in 1739. (2 *Atk. Rep.* 23.) He subsequently in effect, though not in terms, overruled it, in the case of *Turner* v. *Turner*. And in *Bacon* v. *Griffith*, which came before Lord Apsley in 1772, (4 *Ves.* 619, *note*,) where the master of the rolls allowed the amendments to the bill alone to be taken as confessed, the defendant having answered the original bill before amendment, his lordship reversed the order upon appeal; holding that the bill as amended was but one record, and that the amendments not being answered the bill was not answered. A similar decision was made by Lord Alvanley, in the case of *Jopling* v. *Stewart*, in 1799. (4 *Ves. jr.* 619.) This question has also been decided in the same way in a very recent case before the master of the rolls in Ireland. (*See O'Grady* v. *Barry*, *Drury's Digest for* 1839, *p.* 80.) The case referred to by the vice chancellor from Hopkins' Reports, does not conflict with these decisions as to the right of the complainant to have the whole bill taken as confessed for want of a full answer. For there the complainant's counsel only asked for an order to take that part of the bill as confessed to which the exceptions related. And Chancellor Sanford, without examination of the question of practice, allowed him to adopt that course; as it could not injure the defendant to permit his answer to stand as an answer to the bill as far as it went. (*Weaver* v. *Livingston*, *Hop. Rep.* 595.) I think the vice chancellor misapplied the principle of that decision in the present case. For here the counsel for the complainant did not waive his right to a full answer to the amended bill. Although he was willing that the former answer should stand as an answer thereto, if the defendant would have consented to the same in such a manner as to authorize him to file his replication; as he would have had the right to do so in case his original order had waived an answer to the amendments.

By the present practice of this court, where the com-

plainant amends of course, he is, by the 43d rule, permitted to do so without entering any order for that putpose. In such case, if he intends to waive the necessity of a further answer to the amendments, as he cannot put such waiver in his order, he should, at the time he serves his amendments upon the defendant's solicitor, give him a written notice that a further answer is waived ; and that if the defendant does not, within the forty days allowed to answer the amended bill, put in a further answer to the same, he will be considered as having elected to have his former answer stand as an answer to the bill as amended. Then, if the defendant does not plead, answer or demur to the amended bill within the usual time, or obtain an extension of the time to answer, the answer already put in will stand as the answer to the amended bill. And the complainant must then reply to the same within the ten days allowed by the 65th rule of the court, or he will be precluded from replying to the answer.

Upon an amendment of course after answer, where the complainant does not intend to waive the further answer to the amendments, he may enter the usual order, of course, in conformity with the principles of the 24th rule, that the defendant answer the amendments in forty days after service of a copy thereof, or that the bill as amended be taken as confessed ; or that an attachment may issue, as the case may be. But where an amendment is allowed by a special order of the court, after answer, then the order itself should contain the recital of such waiver of a further answer, according to the English practice ; and the defendant should be directed to answer the amendments within the forty days, or that his former answer should stand as the answer to the amended bill. Or, if an answer to the amendments is required, the order should contain the usual directions requiring the defendant to answer, or that the bill as amended be taken as confessed ; or where a further discovery is necessary, that an attachment may issue, &c. In all cases of amendment, however, the complainant has a right to file a replication within the usual time after the

1841.

Trust and Fire Ins. Co.
v.
Jenkins.

amended bill is deemed to be fully answered, whether in fact a further answer is put in, or the defendant, upon the complainant's waiver of a further answer, elects to let his original answer stand as an answer to the bill as amended ; unless the order of the court allowing him to amend has in terms, or by necessary implication, deprived him of that right.

Here the order, which the parties had agreed upon, instead of waiving a further answer and directing the former answer to stand as an answer to the amended bill if the defendant should not elect to put in a new or further answer, was through inadvertence so drawn as to require the defendant to answer the amended bill, or that the same should be taken as confessed. The complainants, therefore, had no other course left, after the refusal of their adversary to consent to have the original answer stand as the answer to the bill as amended, with the usual right to reply to such answer, than to enter the order to take the bill as confessed. And the defendant's counsel having insisted upon strict practice, for the purpose of getting another bill of costs out of the complainants, upon a motion for leave to file a replication, and it turning out that the defendant was himself in the wrong, the order setting aside the complainant's proceedings for irregularity, and charging them with the costs, must be reversed with costs.

But as it is evident the solicitor for the defendant mistook the practice, his client must be relieved upon the usual terms of paying the costs of the proceedings which the complainants had regularly taken against him, and the costs of opposing his application. An order must therefore be entered, setting aside the order to take the bill as confessed and all subsequent proceedings thereon, and that the former answer stand as an answer to the amended bill, with the liberty to the complainants to reply thereto ; provided the defendant Andrews, within twenty days after service of a copy of the order to be entered hereon, pays to the complainant's solicitors such costs, including their costs upon this appeal. But if such costs are not paid within the time

prescribed, then the application of the defendant to open the default is to be denied with costs. And the proceedings are to be remitted to the vice chancellor.