### E. T. SEAY *vs.* JOHN H. FERGUSON, Executor.

### Chancery Court at Gallatin, 1873.

JURISDICTION TO RELIEVE AGAINST JUDICIAL ADMISSIONS—Equity will relieve a party from the consequences of admissions made inconsiderately, or by mistake, under the sanction of an oath, in the course of judicial proceedings.

*J. J. Turner*, for complainant.

*J. W. Head*, for defendant.

THE CHANCELLOR :—In the year 1858, complainant sold to one J. L. Carson, a negro woman and child for $1,200, and received in payment the note of Carson, with Ezekiel Elkin as surety, at twelve months, with interest. At the maturity of this note, it was renewed by a new note made by the same parties, dated May 25th, 1859, payable one day after date, for $1,272. The complainant being indebted to Dixon Ferguson for borrowed money, on the 21st of January, 1860, endorsed this note to said Ferguson, in satisfaction of said indebtedness, in the following form : "I assign the within note to Dixon Ferguson for value rec'd. January 21, 1860."

On the 5th of September, 1865, Dixon Ferguson having in the meantime died, and John H. Ferguson being the executor of his estate, the latter, as such executor, brought suit in the Circuit Court of Sumner County, against

the makers of said note, and complainant as endorser. The suit was brought at the instance of complainant himself, who had learned from the executor early in 1865 that the note was not paid, and that he was looked to as being lia ble as assignor, and who informed the executor or his attorney that he wanted the matter closed. The suit was commenced as soon thereafter as the opening of the courts subsequent to the war would permit. The complainant had requested the attorney of the executor, who was likewise his own regular attorney, to let him know "when the suit was to be commenced, in order that he might take out an attachment, and save himself." Accordingly, on the same day on which the suit was commenced against him in the circuit court as aforesaid, he, under the advice of the attorneys, who were also the attorneys of the plaintiff in that suit, made affidavit for an attachment *in that suit*, against the estate of his co-defendant Elkin, upon the ground that the said Elkin was "about fraudulently to dispose of his property so as to defeat said debt," and attachment issued and was levied on the property of Elkin. In the affidavit for the attachment, the complainant, after reciting that he had been sued by Ferguson, executor on said note, describing it as given by Carson and Elkin to him, and assigned by him to Dixon Ferguson, made oath as follows: "The affiant is only bound on said note as assignor, and said Carson and Elkin are bound for the same before him." The defendant Elkin pleaded in abatement of the attachment that he was not about fraudulently to dispose of his property as alleged, and complainant afterwards dismissed the attachment.

The declaration in the suit brought by Ferguson is in the ordinary form, averring demand and notice, and seeking to hold the complainant liable as endorser. The complainant pleaded in defense, among other defenses, that no demand of payment had been made of the makers, and no notice given to fix his liability as endorser. To this plea, the plaintiff replied "that the plaintiff sued out an attachment on the 5th of September, 1865, and on that day made an affidavit

stating that he had been sued by the plaintiff, and that he was bound upon the note sued on as assignor, and Carson and Elkin were bound before him, and that said Elkin was about fraudulently to dispose of his property, and the said defendant is estopped *to deny*, by reason of his oath aforesaid and assumed agreement of liability, *from* relying upon a want of demand and notice, and to deny his liability on the note.'' To this replication the complainant rejoined : " That he did not, in said oath and attachment proceedings admit that he was legally bound on the note sued upon, nor is he estopped to deny his liability by reason of said proceedings, and he says he was advised by his then acting attorney to sue an attachment, and he did so by reason of said advice, and he is therefore not estopped by reason of the same.'' Upon this, issue was joined.

The cause was tried, and, on the 28th of February, 1868, a verdict rendered in favor of the plaintiff against all the defendants, but the verdict was afterwards set aside by the court as to the complainant upon his application. Upon a re-trial in November, 1869, the jury failed to agree, and were discharged.

Thereupon, on the 3d of March, 1870, the original bill in this cause was filed, setting forth substantially the foregoing facts, and stating that at the time of suing out the attachment, compl't had not seen the note, or his assignment upon it since the transfer to Ferguson, that he was ignorant both of the form and character of the assignment, and of the law governing the liability of assignors of past due notes ; that he had not consulted with any attorney except the attorney of the defendant, and took out the attachment under his advice ; that he did not know at that time whether he was bound or not under the law and facts, but thought that he was, when in fact he was not, there never having been any agreement on his part to waive demand and notice, nor any actual demand and notice. "He states positively that he did not intend to bind himself, or incur any legal obligation by said affidavit, bond and attachment, and the same was

done in ignorance of the law and facts in the case, and without any examination on his part, or any one authorized to act for him." That he merely heard the affidavit read over and did not examine the same, and all that he meant to say or be bound by, was, that Carson and Elkin were first bound on the note, and that he had assigned the same; that if the affidavit admits of any other construction, it is in violation of his intentions, and is the result of accident and mistake. The prayer of the bill is that "said affidavit be reformed and corrected in accordance with the truth, and complainant's real intention," and that the defendant be enjoined from relying upon the same as an estoppel against your orator, or as a defense against your orator's want of notice, and from pleading or relying upon said affidavit or attachment proceedings on the trial of the cause at law. The bill also prays for an injunction, "enjoining the suit in the circuit court" until this suit is tried.

A fiat was made by the Chancellor ordering the injunction to issue, upon the complainant entering into bond and secu rity "conditioned and payable as required by law," in the penalty of thirty-five hundred dollars. A bond was given which seems to have been defective, and was reformed, by order of the court upon the filing of the amended bill as hereinafter stated.

The defendant demurred to this bill, but the demurrer was overruled, with leave to the defendant to rely upon the matter of demurrer in his answer, which was done.

On the 7th of October, 1871, the complainant, by leave of the court, filed an amended bill, in which he alleges that James S. Carson the principal maker of the note in controversy, after the assignment to Ferguson, made with said Ferguson a contract, "very soon after the transfer," for delay of payment for the period of one year or more, and agreed to give said Ferguson, in consideration of such delay, eight per cent. per annum, and the note was held up accordingly. That complainant was no party to this contract, and had no knowledge of it until the trial at law.

That had he known of this contract, he would not have taken out said attachment. The prayer of this amended bill is that complainant be not only given the relief sought in the original bill, "but likewise that said cause at law be perpetually enjoined for the reasons set out and assigned in the two bills." The court, in the order authorizing the filing of this amended bill, directed the injunction bond to be reformed, and on the —— day of April, 1872, complainant gave bond, with security, in the penalty of thirty-five hundred dollars, conditioned to prosecute the said injunction with effect, or, in case he fails therein, to pay and satisfy such costs and damages as shall be awarded and recovered against him in any suit or suits which may be hereafter brought for wrongfully suing out said injunction, and, moreover to abide by and perform such orders and decrees as the court may make in the cause, and pay such costs and damages as the court may order.

On the 18th of October, 1872, the defendant filed a demurrer to the amended bill, setting out and relying upon the same grounds of demurrer taken to the original bill, and upon the additional ground that the contract for delay relied upon was illegal and void, and therefore not such as to entitle the complainant to relief.

By agreement of parties, an answer to the amended bill was filed so as to present the whole case to the court, but not to be looked to, if the court should be of opinion that the demurrer was well taken.

An amended bill is, in legal effect, an amendment of the original bill, and forms a part of it. *Hurd* v. *Everett*, 1 Paige, 124. Even where the complainant amends his bill after answer, the defendant has a right to make a new defense to the entire bill as amended, if he thinks proper to do so. *Trust and Fire Ins. Co.* v. *Jenkins*, 8 Paige, 589; *Richardson* v. *Richardson*, 5 Paige, 58. The demurrer, therefore, filed in this case to the bill as amended, is a new defense to the whole bill. Inasmuch, however, as the learned Chancellor, who usually presides in this court, has

seen proper to overrule the demurrer to the original bill, with leave to the defendant to rely upon the matters of demurrer in his answer, and inasmuch as the answer which has been filed to the amended bill, under the agreement referred to, relates only to the matter of amendment, I will consider the answers as filed under the original order, and that the defendant is entitled to set up his grounds of demurrer in his answer. In this view, the grounds of demurrer to the matter of the original bill which are relied on, and which only need be noticed, are :

1. That the affidavit for the attachment, and other proceedings thereon, are not an estoppel either of record or *in pais*, and that the complainant has a clear and unembarrassed remedy at law.

2. That the mistake sought to be relieved against, is one of law.

3. That it is a mistake in legal proceedings which this court cannot correct, unless superinduced by fraud.

4. That this court cannot determine for the court of law the competency or weight of evidence, and, therefore, cannot enjoin the defendant from using said affidavit and proceedings as evidence in the suit at law.

The ground of demurrer to the matter of the amendment to the original bill is,

1. That the contract for delay relied upon is illegal and void upon its face, and, of course, does not entitle the complainant to relief.

No effort has been made in argument by the learned counsel of the complainant to sustain the bill upon the matter of amendment, nor do I see how it can be sustained. It is well settled in this state, that, in order to operate a release of the surety, the contract for delay between the creditor and the principal, must be a valid and binding contract, and that a contract for usurious interest is utterly void, and that a stipulation for delay based upon such a consideration does not discharge a surety. *Wilson* v. *Langford*, 5 Hum. 320.

The grounds of demurrer to the original bill may be best

considered in the reverse order in which they are stated. I think it very clear that this court is not authorized to dictate to the law courts the competency of any evidence which may be offered for their consideration, nor the weight which shall be given to it by the jury, but it does not follow that it may not enjoin a defendant from using certain evidence, or using it for a particular purpose, and still less that it may not correct written documents so as to rectify errors and make them conform to the truth. These are matters of every-day cognizance ; nor do I see why a mistake in a legal proceeding which is purely *ex parte*, and does not, by the judgment of the court in those proceedings, determine the rights of the opposing party, and which was neither intended to influence, nor has in fact influenced the action of the opposite party, may not be rectified, as well as a direct contract *inter partes*. No authority has been cited which throws a doubt upon the exercise of such jurisdiction, and the jurisdiction is conceded by our supreme court *arguendo*, in *Hamilton* v. *Zimmerman*, 5 Sneed, 48. And if there were any doubt on the point, there can be none of the power of the court to inhibit a third person, not injuriously affected by such a mistake, from using it to an improper end. And it is obvious that the mistake sought to be rectified is, upon the face of the bill, not one of law alone, but one of fact also. The bill alleges that the complainant had not seen his assignment from the time it was made, and did not know but that he was bound by its terms, and he thought he was so bound. The mistake was in stating as a fact that he was bound as assignor, when in truth he was the assignor of the note, but had ceased to be bound for want of demand and notice. It is the evidence outside of the bill which raises the doubt whether the statement, of which mistake is predicated, was not made with knowledge of the fact, but in ignorance of the law. It is, however, well settled, at least by our supreme court, that a direct promise to pay by an endorser, although with knowledge of the facts, but in ignorance of the law, will not bind the endorser if in fact he has been released by failure to

make demand and give notice. *Union Bank* v. *Spurlock*, 4 Hum. 336. *A fortiori*, I take it, an admission, or act done in such ignorance, will not be sufficient to create an obligation where none existed before.

. And this brings us to the only ground of demurrer which presents any real difficulty, and that is, that the matters as to which relief is sought, are not an estoppel, and that the defense is plain and unembarrassed at law.

If the defendant had, in the suit at law, put in no such special replication of estoppel as the replication heretofore quoted, and had simply taken issue upon the plea denying demand and notice, and relied upon the affidavit for the attachment as evidence, the position taken by the demurrer would have been unanswerable. It is, I think, the settled law of this state that the defendant may go behind an admission, promise, or act, from which waiver of demand and notice is sought to be implied, and show that it was made under a mistake of fact. *Swan* v. *Hodges*, 3 Head, 251. I think it doubtful, moreover, whether the language of the affidavit mentioned in this case amounts to more than an assertion of the fact that the (complainant) affiant is only an assignor, and sued as such. The courts are not inclined to construe equivocal language in such cases as an estoppel upon a party's rights. *Decherd* v. *Blanton*, 3 Sneed, 373. Upon the ordinary issue in such cases, I should feel no hesitation in leaving the party to his legal redress, as plain and unembarrassed.

But the defendant has himself, directly in the teeth of the position now assumed by him in the demurrer, by special replication, made the direct issue of estoppel. Such an issue, raised by a replication to a plea which itself tendered an issue, seems to me to be rather anomalous. But it is not my province to revise or criticise the proceedings of the law court. That court is fully competent to discharge its own functions, and has plenary jurisdiction over, not merely the rights of the parties, but the forms of pleading in which those rights shall be presented. I must take it, for the purposes of this

case, that the issue is justified by the rules of law, and, at any rate, that the defendant cannot gainsay its legality. Upon such an issue, it is the province of that court to say whether the admission in the affidavit is an estoppel, and to this end it may look only to the writing itself, and admit no evidence *aliunde* to qualify it.

The mere fact that the court of law might give the evidence more weight than in my judgment it should be entitled to, would not, of course, confer any jurisdiction upon me in the premises. To effect this result, the party sought to be prejudiced thereby, must show some equitable ground entitling him to the aid of this court. The mere prospect of danger from the more rigid rules of a court of law might be sufficient to sustain the application to this court. But, certainly, the existence of any equitable circumstances in addition, would remove the difficulty. Such circumstances do exist in the fact that the defendant relies, under the advice of learned counsel, upon the estoppel, and the further fact that our courts have held "the doctrine of estoppel applies, with peculiar force, to admissions and statements, made under the sanction of an oath, in the course of judicial proceedings." *Hamilton* v. *Zimmerman*, 5 Sneed, 39 ; *Cooley* v. *Steele*, 2 Head, 608. But it was also said in the first of these cases, by the eminent judge who delivered the opinion, that if it be made to appear that even such admissions were made inconsiderately or by mistake, "the party ought to be relieved from the consequences of his error." Id. 48. And this, we know, can only be done by a court of chancery. *Helm* v. *Wright*, 2 Hum. 72.

The bill does make out a case of precisely that character. The complainant, under the belief, whether well or ill founded is at present immaterial, that he was liable upon the note, demands that it shall be put in suit, and, under the advice of the counsel to whom the note was entrusted for collection, and who, it is most obvious, took for granted the liability of the complainant, as well as of the other parties, advised him to take out an attachment, and had the affidavit

in question prepared for him. The question of the actual liability of the complainant was not considered at all. It was simply taken for granted, and no particular attention paid to the language of the affidavit in this connection. The attachment was, it need scarcely be said, being taken out by one defendant to a suit at law against a co-defendant, and in the same suit, not authorized by any law, and a sheer nullity, which could do no good, and ought to do no harm to any one. The very relationship of the learned counsel who drafted it to the plaintiff in the suit, being the agent of the plaintiff's attorney in this matter, is a sufficient ground to authorize the interference of equity. 1 Story Eq. Jur., § 135.

I am of opinion, therefore, that there is equity in the complainant's bill, and that the demurrer, which is to the whole bill, being bad in part, must be overruled altogether.

I am also of the opinion that the evidence introduced fully sustains the equity of the original bill. The evidence to show a contract for delay, upon which relief is sought by the amendment, accords with the facts as set out in the amended bill. The contract was usurious, and void, and could not relieve the assignor, if he were otherwise bound. It is obvious, therefore, that the complainant has only satisfied the court that the language of the affidavit complained of, was used "inconsiderately and by mistake." To that extent he is entitled to relief.

It remains to be considered what shall be the extent of that relief, and whether the court having taken cognizance of the case for one purpose will assume jurisdiction for all purposes. After the several trials at law, there is a strong temptation to settle the rights of the parties at once, and not remand them to the court of law, to contest the matters of litigation again before a jury. But I have not been able to find any firm principle upon which I could stand for this purpose. The original bill only asked that the defendant be enjoined from relying upon the affidavit as an estoppel, or otherwise on the trial at law. The amended bill fails *in toto*,

and nothing contained in it can justify an extension of the original prayer. Nor does the matter of the original bill itself authorize such extension, nor even the full relief asked. The defendant had the right to elect his forum for the assertion of his legal rights, and he did so by commencing suit in the circuit court. The complainant had a right to ask the aid of this court in his defense at law, but has shown no ground for entirely transferring the litigation to this court. The defendant has, by insisting at every step upon his legal rights, refused to consent to a transfer of the litigation to this court. Under these circumstances, though with considerable reluctance, I feel myself compelled to follow the precedent given me in *Helm* v. *Wright*, 2 Hum. ·72, 77, and to limit the decree to so much of the relief sought in the original bill as the complainant has shown himself entitled to.

This relief should be limited to rectifying the wording of the affidavit, and to enjoining the defendant from setting up the recital in said affidavit as an estoppel in the suit at law. It ought not to be carried to the extent of enjoining the defendant from relying upon the said affidavit or attachment proceedings on the trial at law for other purposes, if he can do so. The fact of suing out an attachment, like the fact of directing the note to be put in suit, which the complainant admits, may be used for what it is worth. I shall merely direct that the words of the affidavit complained of, namely the words: "The affiant is only bound on said note as assignor and said Carson and Elkin are bound for the same before him," shall be modified by striking out the word "bound" where it is first used, and that the remaining words shall be read as meaning that "Carson and Elkin were first bound on the note, and that affiant has assigned the same." And the defendant will be enjoined from pleading and setting up the said affidavit and proceedings as an estoppel in said suit upon the complainant to show the truth in relation to his liability on said note. The injunction heretofore granted in this cause will be in all other respects dissolved, and the defendant will be permitted to prosecute his

suit at law, subject only to the restrictions as above. The complainant will pay all the costs of this court.

NOTE.—This decision was, upon appeal to the supreme court, affirmed.