## H. L. DAVIS *v.* W. J. DAVIS.

1. CHANCERY. *Pleading and practice. Amended bill. Right of defendant to respond.*
   If, after answer filed, a bill in chancery be amended in a material matter, the defendant should be permitted to plead, answer, or demur, not only to the amendment, but to the amended bill as if it were an original bill.

2. SAME. *Pleading to amended bill. Reasonable time.*
   And if the defendant ask leave to plead to or answer such amended bill, he should be allowed a reasonable time therefor ; and one hour and three-quarters is not a reasonable time for such purpose.

APPEAL from the Chancery Court of Adams County.

HON. WARREN COWAN, Chancellor.

After the bill of complaint herein had been answered and depositions ·had been taken by both parties, the complainant, W. J. Davis, by leave of the court amended his bill in a material matter. Thereupon the defendant, H. L. Davis, made a ·motion " for leave to plead, answer, or demur to complainant's amended bill of complaint." The court sustained this motion to the extent of · granting " the defendant leave to plead, answer, or demur responsive to said amendment to said bill of complaint only." The defendant then filed a demurrer, which, upon the motion of the complainant, was stricken from the files, because " not responsive to the amendment in said bill of complaint," as required by the order allowing the defendant to plead, answer, or demur.

Thereupon the defendant "asked for time to plead to or answer said amended bill of complaint." The court allowed the defendant one hour and three-quarters in which to prepare and file a plea or answer to said amended bill, and refused to allow any more time, though the defendant stated "that he could not prepare any further defense in the short time granted by the court."

Upon final hearing a decree was rendered in favor of the complainant, and the defendant appealed to this court.

*H. L. Davis,* the appellant, *pro se.*

1. The court erred in striking out the demurrer of defendant to amended bill. 4 Sim. (Eng. Ch.) 573 ; *Wright* v. *Frank,* 61 Miss. 34; 2 Brown's Ch. (Eng.) 55 and 66. The demurrer could not have been stricken out save because frivolous or irregularly filed.

2. The court erred in granting defendant only one hour and three-quarters to plead to or answer the amended bill. The action of the court was arbitrary and unwarranted, to say the least.

The answer to an amended bill is a matter of right. Section 1883 of the code has no application here, and was not intended to deprive defendant of any right he had, but to compel him to answer when complainant desired an answer and defendant failed or refused to answer. 1 Dan. Ch. Pr. 409, bottom ; Lubé Eq. Pld. 88, 91 ; 33 Ill. 386 ; 13 Sim. (Eng. Ch.) 354 ; *Bowen* v. *Idley,* 6 Paige 51. " Where the complainant amends his bill after answer it is a matter of right for the defendant to put in a new answer or further answer to amended bill."

The time given was equivalent to a refusal of any and all time. 1 Barb. Ch. Pr. 224, 225 ; 2 Dick S. C. 67.

*Nugent & McWillie,* on the same side, filed a brief.

*T. Otis Baker* and *Martin & Lanneau,* for the appellee.

1. The defendant's demurrer was improperly and illegally filed, and evidently filed for delay, and was properly stricken from the files because it was not in compliance with, but in defiance of, the leave of court, which was "that the defendant have leave to plead, answer, or demur, responsive to said amendment to said bill of complaint only." Mitford's Pldg. 207, 290 ; 1 Barbour, Ch. Prac. 159 ; 1 Daniel, Ch. Prac. 650.

2. An answer to the amended bill was not necessary, the subject-matter of the amendment being, in effect, completely denied and put in issue by the answer and amended answer to the original bill.

An answer being unnecessary, the defendant was not entitled under the statute to an allowance of time for answer. The statute, in order to avoid delays, authorizes an allowance of time only when "an answer to the amendment is necessary." Code 1880, § 1883.

As any plea or answer, if necessary at all, would necessarily have been confined to the matter which had been introduced by the amendment (1 Barbour 159; Mitford, Pldg. 207, 290), one hour and three-quarters would have afforded, without any special diligence or haste, abundance of time under the circumstances to make the defenses.

*Frank Johnston*, on the same side, filed a brief.

ARNOLD, J., delivered the opinion of the court.

The court erred in restricting the right of the appellant to plead, answer, or demur to only a part of the amended bill and in refusing to allow him reasonable time to plead or answer to the amended bill. When the complainant amends his bill in a material matter, as was done in this case, the defendant may plead, answer, or demur to the same as if it were an original bill, no matter what may have been the state of the pleadings before the amendment was made. 1 Dan. Ch. Pl. and Pr. (fifth ed.) 409; 1 Barb. Ch. Pr. 224; *Bancroft* v. *Wardour*, 2 Bro. C. C. 66; *Bosanquet* v. *Marsham*, 4 Sim. 573; *Cresy* v. *Beavan*, 13 Sim. 354; *Dillon* v. *Davis*, 3 Tenn. Ch. 386.

The authorities generally concur in the declaration that any amendment of a bill after answer authorizes the defendant, though not required to answer, to put in an answer, making an entire new defense and contradicting his original answer, if he desires to do so. 1 Barb. Ch. Pr. 224; 1 Dan. Ch. Pl. and Pr. 409; *The Trust and Fire Ins. Co.* v. *Jenkins et al.*, 8 Paige 589; *Richardson* v. *Richardson*, 5 Paige 58; *Dillon* v. *Davis*, 3 Tenn. Ch. 386; *Miller* v. *Whittaker*, 13 Ill. 386.

And the code provides that, when a bill is amended after answer

filed and an answer is necessary, the defendant shall be allowed twenty days after notice of the amendment to answer, etc. Code, § 1883.

The action of the Chancellor was not in accordance with any or either of these rules and deprived the appellant of a substantial right to which he was entitled under the law.

*The decree is reversed and the cause remanded, with leave to appellant to plead, answer, or demur to the amended bill within thirty days from the date of the filing of the mandate of this court in the cause in the lower court.*