CANTON COTTON WAREHOUSE CO. *v.* ROSANNA POTTS.

1. DEMURRER. *Several grounds. Disposed of as a whole.*
   A demurrer, however numerous the causes assigned in it, is an entirety, and as such must be sustained or overruled. It cannot be sustained as to one or more grounds, and overruled as to others.

2. SAME. *Practice. Decree on demurrer.*
   Without regard to the number of causes assigned, if a demurrer to a bill is sustained upon any grounds whatever, the bill should be dismissed, unless leave be given to amend; and, until the amendment is made, the demurrant is not called on to make any further defense. *Davis* v. *Davis*, 62 Miss. 818.

3. SUPREME COURT. *Appeal by successful party. Dismissal.*
   Where the decree on a demurrer to a bill is that it be sustained as to one ground assigned, and overruled as to others, with leave to complainant to amend, this is in effect a decree in defendant's favor, and, if he appeals therefrom, this court will of its own motion dismiss the appeal.

FROM the chancery court of Madison county.

HON. H. C. CONN, Chancellor.

Appellant, defendant in the court below, demurred to the bill of appellee, assigning several grounds of demurrer. The decree thereon recites that " the court sustained the fourth ground alleged and gave time to complainant to amend her bill as to that ground, and overruled the demurrer as to all other grounds alleged in said demurrer, and leave to defendant to answer is granted within sixty days of this time; and thereupon the defendant in open court asked for an appeal to the next term of the supreme court." The appeal having been taken, was dismissed by the supreme court of its motion.

*Robert Powell* and *W. H. Powell,* for appellant.

*E. E. Baldwin,* for appellee.

CAMPBELL, J., delivered the opinion of the court.

As we interpret the decree of the chancellor he sustained the demurrer on the 4th cause or ground assigned and gave leave to the complainant to amend his bill, and allowed time, how much is not stated, and then proceeded to overrule the demurrer as to all other grounds, with leave to answer. This presents the singular spectacle of a demurrer sustained and overruled both at the same time and by the same decree, which is a new sort of practice to us. A demurrer, however numerous the causes or grounds specially set forth in it, is an entire thing—a whole, and is to be sustained or overruled. It is well for the court to indicate the ground on which it sustains a demurrer for the guidance of counsel as to an amendable defect, but when a demurrer is sustained, no matter on what ground, the bill will be dismissed unless leave is given to amend, and until the amendment allowed is made the demurrant may not be called on to further answer, and when the amendment is made the defendant may answer as at first. *Davis* v. *Davis*, 62 Miss. 818.

The effect of the decree in this case was to sustain the demurrer, and the course for the defendant to pursue was, not to appeal from a decree sustaining its demurrer, but to wait the amendment of the bill made necessary by the view of the chancellor, and then and not until then, to plead, demur or answer to the amended bill.

The demurrer was sustained, not overruled, and the appeal of the successful demurrant must be, and is now

*Dismissed.*