### NELSON et al. v. EATON.

#### (Circuit Court of Appeals, Eighth Circuit. January 7, 1895.)

#### No. 389.

1. EQUITY PRACTICE—AMENDMENT OF BILL—TIME TO ANSWER.
    When a bill is amended in a material matter, the defendant is entitled to time to answer the amended bill, which, unless fixed by agreement or special rule, should be the same length of time allowed for answering the original bill.
2. SAME—DECREE ON DEFECTIVE BILL—OPENING DEFAULT.
    One E. brought suit in 1893 to foreclose a mortgage which had been assigned to him by the mortgagee. His bill did not aver that the citizenship of his assignor was such that he could have maintained the suit in a United States court, and, as to the matter in controversy, averred only that it exceeded $500. A decree pro confesso was entered on this bill. The defendants moved to vacate this decree, and dismiss the bill for want of jurisdiction, or for leave to answer. While the motion was pending, the court allowed E. to amend his bill so as to show jurisdiction, and then denied defendants' motion, and entered a final decree for complainant. *Held* error; that the bill was fatally defective; and, when the defect was called to the court's attention, it was its duty to set aside the default, and, if it gave leave to amend the bill, to allow the defendants time to answer.

Appeal from the Circuit Court of the United States for the District of Nebraska.

This was a suit by C. L. Eaton against Peter B. Nelson and Ollufine N. Nelson for the foreclosure of a mortgage. A decree pro confesso was entered. A motion by defendants to open the default was denied, and a final decree entered for complainant. Defendants appeal.

H. C. Brome, A. H. Burnett, and R. A. Jones, for appellants.

R. E. W. Spargur and Allen G. Fisher, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. C. L. Eaton, the appellee, filed a bill in equity in the court below against Peter B. Nelson and Ollufine N. Nelson to foreclose a mortgage on lands executed by the defendants to Rockwell Sayer to secure the payment of a negotiable promissory note, payable to his order, for $2,240. The bill alleged an assignment of the note and mortgage to the complainant, but did not aver that the citizenship of the assignor was such that he could have maintained the suit in the circuit court if no assignment had been made. The defendants did not answer within the time required by the equity rules, and on the 17th day of April, 1893, a decree pro confesso was entered in the cause. On the 16th day of May, 1893, the defendants filed a motion to set aside the decree pro confesso, supported by affidavits, and tendered an answer to the merits. On the 26th day of May, 1893, the defendants filed a further motion to vacate the decree pro confesso, and dismiss the bill, upon the ground that it did not appear from the bill that the court had jurisdiction of the subject-matter of the action. The jurisdictional averment in the bill as to the amount in controversy was "that the matter in controversy in this suit exceeds the sum or value of five hundred dollars," and there was no averment in the bill that Sayer, the payee and assignor of the note and mortgage, could have maintained a suit thereon if no assignment thereof had been made. While the defendants' motions to vacate the decree pro confesso and dismiss the bill for want of jurisdiction apparent upon the record, or for leave to answer, were pending, the court, on the 31st day of May, 1893, granted the complainant leave to amend his bill "to show citizenship of the assignors of the note and mortgage herein," and an amended bill was filed accordingly on that day. On the 28th day of June, 1893, the defendants' motions to vacate the decree pro confesso and for leave to answer were denied, and on the 3d day of July thereafter a final decree was rendered on the bill and amended bill for the complainant. From this decree the defendants appealed to this court, and assigned for error the action of the court in refusing to vacate the decree pro confesso, and denying them leave to answer.

It was irregular to render a decree pro confesso on a bill which did not show the court had jurisdiction of the suit. It did not appear that the assignor of the note and mortgage could have maintained the suit if no assignment thereof had been made, and the jurisdictional averment as to the amount in controversy was also defective. The act of March 3, 1887, prohibits suits in the courts of the United States by assignees of choses in action unless the original assignor was entitled to maintain the suit in all cases except suits on foreign bills of exchange and except suits on obligations made payable to bearer and executed by a corporation. Plant Inv. Co. v. Jacksonville, T. & K. W. R. Co., 152 U. S. 71, 76, 14 Sup. Ct. 483; New Orleans v. Benjamin, 153 U. S. 411, 432, 435, 14 Sup.

Ct. 905; Wilson v. Knox Co., 43 Fed. 481; Newgass v. New Orleans, 33 Fed. 196; Rollins v. Chaffee Co., 34 Fed. 91. The defect in the bill was a material one. It was one of which the defendants could avail themselves at any stage of the proceedings. Whether a default or decree pro confesso shall be set aside or vacated rests largely in the sound judicial discretion of the trial court, and, ordinarily, its ruling thereon will not be reviewed. But this rule has no application to this case. The appellee was not entitled to a decree pro confesso. He had not, by his bill, made a case of which the court had jurisdiction. His bill was fatally defective in this regard. Until the bill was amended, the default was irregular, and no final decree could be rendered. When the defect was called to the attention of the court, it was its duty to set aside the default; and when the court granted the complainant leave to amend his bill, as it had a right to do, it was the undoubted right of the defendants to have a reasonable time to answer the bill as amended. The court had no discretion to deny them this right. In Davis v. Davis, 62 Miss. 818, a case in which the defendant was allowed an hour and three-quarters to file a plea or answer to an amended bill, the court said:

"When the complainant amends his bill in a material matter, as was done in this case, the defendant may plead, answer, or demur to the same as if it were an original bill, no matter what may have been the state of the pleadings before the amendment was made. 1 Daniell, Ch. Pl. & Prac. (5th Ed.) p. 409; 1 Barb. Ch. Prac. p. 224; Bancroft v. Wardour, 2 Brown. Ch. 66; Bosanquet v. Marsham, 4 Sim. 573; Cresy v. Bevan, 13 Sim. 354; Dillon v. Davis, 3 Tenn. Ch. 386. The authorities generally concur in the declaration that any amendment of a bill after answer authorizes the defendant, though not required to answer, to put in an answer making an entire new defense, and contradicting his original answer, if he desires to do so. Id., and Insurance Co. v. Jenkins, 8 Paige, 589; Richardson v. Richardson, 5 Paige, 58; Miller v. Whittaker, 33 Ill. 387."

In 1 Barb. Ch. Prac. p. 222, it is said that whenever the complainant is permitted to amend his bill, if the answer has not been put in, or a further answer is necessary, the defendant has the same time to answer after such amendment as he originally had. In practice in the United States courts it is usual for the parties, by agreement, or for the court, by special rule, to fix the time within which an amended bill may be answered. In the absence of such agreement or special rule, the defendant has the same time to answer that he originally had. In the case at bar no time whatever was given the defendants to answer the bill after its amendement in a material matter. This was error. The decree of the circuit court is reversed, and the cause remanded, with directions to permit the defendants to answer.