Ruston v. Sonnberg.

## Henry C. Ruston et al. v. Albert Sonnberg et al.

1. CHANCERY PRACTICE—*Where Bill is Amended Defendant Has a Right to Amend His Answer.*—Where a complainant amends his bill the defendant has a right to answer the amended bill and he is not obliged to obtain leave to do so.

2. SAME—*Insufficient Certificate as to the Record.*—A certificate of the clerk of the Circuit Court certifying " the above and foregoing to be a true, perfect and complete transcript of the record, except master's report and testimony which, by stipulation and an order of court, were incorporated in transcript of the record heretofore filed in the Appellate Court, First District of Illinois, in a certain cause lately pending in said court on the chancery side thereof," etc., has not that certainty which should exist as to a record brought to this court upon an appeal or writ of error.

3. PRACTICE—*Clerk of Circuit Court is a Record Keeper Not a Record Maker.*—The clerk of the Circuit Court can not by his certificate establish that the parties to a suit entered into a stipulation. The trial court must certify that the parties in open court made a certain agreement, setting the same forth, and the clerk then certifies to the order or finding of the court. Nor can the certificate of the clerk establish, nor is the clerk of the Circuit Court authorized to certify his conclusion that the court has made a certain order. The clerk may certify that certain papers were filed at a certain date, and that a certain order was made at a certain time, in each case setting forth, not his conclusion as

to what the order was or the paper contained, but a copy of the paper or of the order.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Dismissed. Opinion filed April 28, 1903.

Henry C. Ruston, attorney for appellants; Louis Karcher, of counsel.

Edward J. Phillips, attorney for appellees.

Mr. Presiding Justice Waterman delivered the opinion of the court.

This is an appeal from a decree entered upon the foreclosure of a trust deed made by Henry C. Ruston, August 13, 1891, to secure a promissory note for $2,500, payable in one year with interest at six per cent per annum, payable semi-annually.

March 24, 1896, a bill to foreclose the mortgage was filed and decree having been entered in such foreclosure suit, an appeal was taken to this court for the October term, 1899, which appeal was dismissed on account of the insufficiency of the bond filed. A writ of error was then sued out, which, coming on to be heard at the March term, 1900, the decree was reversed because of an error of several hundred dollars in the computation of the amount due upon said mortgage. The cause coming on again to be heard in the Circuit Court, December 9, 1901, the court permitted complainants to amend their bill by making Albert Sonnberg a party complainant, instead of a party defendant, and permitted the bill of complaint to be amended in all respects to correspond with such change of parties, and refused to permit appellant Ruston to amend his answer. Appellant had, after the amendment of the bill, a right to answer the amended bill; he was not obliged to obtain leave so to do. 1st Encyclopedia of Pleading and Practice, 490; Daniell's Chancery Pleading and Practice, 409. However unimportant the amendment, it gave to the defendant a right to answer the amended bill. Miller v. Whittaker, 33 Ill. 386;

Ruston v. Sonnberg.

Gage v. Brown, 125 Ill. 522; Long v. Fox, 100 Ill. 43–50; Richardson v. Richardson, 5 Paige, 58; Trust Co. v. Jenkins, 8 Paige, 589. The decree of foreclosure entered December 9, 1901, was based upon the report of the master to whom the cause had theretofore been referred to take testimony and report.

The decree sets forth that the master's report is approved and affirmed, and that objections and exceptions filed thereto are overruled, except that the solicitor's fees of $175 allowed by the master, were fixed by the court at $125.

December 18, 1901, upon application of appellant, a certificate of evidence was made by the chancellor, which certificate of evidence sets forth, among other things, the following:

"Defendants excepted to and appealed from the entry of the decree of sale because not in conformance with the opinion of the Appellate Court for the First District of Illinois, in the case of Ruston against Knefel, No. 8,981, which was redocketed and is now the above entitled cause, which is reported in the 92d Ill. Appellate Court Reports, page 385." "There was not any testimony, evidence or record before the court for its consideration, on which to base a decree of sale, that the foregoing were all the proceedings had before the court on said day."

It is manifest that there is an error or unintentional omission in this certificate. The sentence beginning "there was not any testimony," is evidently a statement of reasons assigned by appellants why the decree should not have been made. Evidently before the words " there was not any testimony," should have been inserted these three words, " defendants insisting that." As the certificate reads, it is in direct contradiction of the decree, which states that it is made upon the proofs, exhibits and report of the master made in pursuance of an order of reference, which report was approved and confirmed, the " objection and exceptions filed" thereto being "overruled," except as to solicitor's fees heretofore mentioned.

The appeal to this court must be dismissed, because of the insufficiency of the record here produced.

The clerk's certificate as to the record is as follows :

" STATE OF ILLINOIS, }
    Cook County.     } SS.

I, John A. Cooke, clerk of the Circuit Court of Cook County and keeper of the record and files thereof, in the state aforesaid, do hereby certify the above and foregoing to be a true, perfect and complete transcript of the record, except master's report and testimony which, by stipulation and an order of court, were incorporated in transcript of the record heretofore filed in the Appellate Court, First District of Illinois, in a certain cause lately pending in said court on the chancery side thereof, between John Knefel et al., complainants, and Henry C. Ruston et al., defendants.

In witness whereof, I have hereunto set my hand and affixed the seal of said court, at Chicago, in said county, this 21st day of February, 1892.

JOHN A. COOKE, Clerk."

The seal appended is that of the Circuit Court of Cook County, Illinois.

It is probably the case that John A. Cooke, clerk, by the words " in a certain cause lately pending in said court on the chancery side thereof," etc., meant by " said court," the Circuit Court of Cook County, although the last court mentioned by him prior to the words " said court " is " the Appellate Court, First District of Illinois," but the certificate has not that certainty which should exist as to a record brought to this court upon an appeal or writ of error.

Assuming that the certificate is of the record of a cause lately pending in the Circuit Court of Cook County, the certificate is insufficient, because it is stated therein that it is a transcript of the record " except master's report and testimony which by stipulation and an order of court, were incorporated in transcript of the record heretofore filed in the Appellate Court, First District of Illinois." No such stipulation or order of this or the Circuit Court is shown in the record presented upon this appeal, nor has any such order or stipulation been called to the attention of this court.

This court can not accede to the position that the clerk

of the Circuit Court can by his certificate establish that the parties to a suit entered into a stipulation. The trial court might certify that the parties in open court made a certain agreement, setting the same forth.

The clerk of the court would then certify to the order or finding of the court. Nor can the certificate of the clerk establish, nor is the clerk of the Circuit Court authorized to certify his conclusion that the court has made a certain order. The clerk may certify that certain papers were filed at a certain date, and that a certain order was made at a certain time, in each case setting forth not his conclusion as to what the order was or the paper contained, but a copy of the paper or of the order. The clerk of the court is a record keeper, not a record maker or interpreter.

Nor is the clerk of the Circuit Court authorized to certify that certain papers, transcripts of record, master's report or testimony have been filed in the Appellate Court. The clerk of the Circuit Court does not upon appeals taken to this court, file herein the record or papers brought up from the court of which he is clerk. Officially he does not know what record or papers are filed in this court.

Because of the insufficiency of the record presented to this court, the appeal hereto is dismissed.