JOSIAH N. FOGG, petitioner for review in equity,

*vs.*

CHARLES MERRILL, administrator *de bonis non.*

Kennebec. Opinion March 10, 1883.

*Review. Equity practice.*

A suit in equity for the settlement of ship's accounts among the owners, may and should be reviewed when the original plaintiff has, by a supplemental bill or amendment filed after the default of the petitioner for review, and proceeded on without further notice to him, increased the amount alleged to be due from the co-owners, unless he remits all such excess and assents to a revision of the decree, so as to exclude from the amount for which the petitioner for review is chargeable, all except his proportional part of the balance as it was alleged at the time of the default, and gives all due credits for sums since received and pays the costs on petition for review.

A respondent in equity acknowledging due service of the bill, may fairly be held to have constructive notice of all amendments that are made before he is defaulted.

Bill in equity praying for review.

Heard on bill, answer and proofs.

The opinion states the case and material facts.

*W. S. Choate*, for the plaintiff.

*J. W. Bradbury*, for the defendant.

BARROWS, J. This is a petition for the review of a suit in equity commenced for the August term, 1867, by Ambrose Merrill, the respondent's intestate, by a bill alleging that said Ambrose and this petitioner and others there made respondents, were owners in certain respective proportions of the ship Dashaway, and that there were unsettled accounts between said Merrill and said ship and owners, and between said owners and the firm of Crocker, Wood and Company, merchants, who had been transacting the ship's business, which the parties were unable to settle, and demanding a settlement of the same in equity and "payment of such balance (if any) as shall be found due from any of them." Upon this bill the petitioner acknowledged service, but, so far as appears, paid no attention to it after it was entered in court. At the October term, 1867, the death of Ambrose Merrill was suggested, and Harriet Merrill, his administratrix, came in to prosecute, and subsequently, in June, 1868, (on condition that she should take no costs against defendants to that date) had leave to amend the bill by stating the amount she claimed as due from the defendant co-owners in the ship, and the amount due from Crocker, Wood and Company, and alleging that nothing was due to any of the other owners, and that she was entitled to whatever might be found due from Crocker, Wood and Company; and the amendment was filed accordingly; setting forth that said intestate on the ninth of August, 1861, advanced to the ship and owners, $5000, which had never been repaid, and was due with interest, and, in substance, that, as she was informed and believed, Crocker, Wood and Company on January 1, 1865, received a certain sum which was $5000 in

excess of any just demand that they had against the ship and owners, and this sum ought to be paid over to her, with interest from the last named date, as the owner entitled to receive it. The suit seems to have been defended by some of the respondents. On the second day of the August term, 1870, the administratrix again asked leave to amend, and for the entry of a default as to those who did not answer, and this petitioner and certain other owners were defaulted on the seventh day of the term. At the October term, in the same year, the administratrix, upon leave had, filed a supplemental bill repeating the allegations of the first and the amendment thereto, and further alleging collusion between Crocker, Wood and Company and one Hill, a co-partowner and master of the vessel, to avoid paying what was due to said Merrill's estate and to appropriate it themselves though it appeared by the auditor's report in the case that said Hill was indebted to the ship and owners aside from his share of what was advanced by said Merrill, and that one of the co-owners had become bankrupt and others had failed, and that the other owners who had been notified, had been defaulted. It does not appear that notice of this supplemental bill was given to any of the respondents; and in January, 1871, the administratrix, upon leave gained, presented a second supplemental bill, reiterating the allegations of the original bill and amendment and further alleging that Ambrose Merrill, the intestate, had advanced for the ship-owners during the years 1858 and 1859, sundry sums amounting to about $4550 of which only about $1280 had been repaid to him, and that the balance with interest was due his estate, in addition to the $5000 previously claimed; and furthermore, that she had received from Crocker, Wood and Company $3500 of the funds in their hands, and therefore she discontinues as against them, and proposes to credit the $3500 against the sum that may be found due from the ship owners on account, and prays that each of the owners may be decreed to pay his proportionate share of the balance, and for an order upon certain of them to file their answer at the March term, 1871, when said second supplemental bill was duly filed, and the death of the administratrix suggested, and the case was further continued till the October term, 1874, when the present

respondent appeared to prosecute, an auditor was appointed who was not a master in chancery and received no special commission and who seems to have proceeded, without giving notice to this petitioner or any of owners of the vessel, to assess upon them their respective shares of the balance due upon the sums claimed as advanced in 1858 and 1859, as well as of the $5000 originally claimed by Ambrose Merrill; and his report was accepted and a decree in conformity therewith was entered up in favor of the plaintiff against the petitioner, (who had no notice of any of these proceedings except the original bill, unless he should be regarded as having constructive notice of the amendment which was made before he was defaulted,) and against the other owners for their respective proportions not only of the $5000 specified in the amendment, and the balance of the sums alleged to have been advanced in 1858 and 1859, but for certain costs, all of which accrued after the petitioner had been defaulted as appears by the taxation thereof.

The first principles of legal proceeding forbid the introduction, even by a supplemental bill, of an amendment which increases the claim of the plaintiff after the default of the defendant, unless he is notified of the change. It may well be that he is content to be defaulted for the amount originally claimed while he would resist the addition as unfounded and unjust whether it came in the form of a specification, as the respondent here contends, or a more bald increase of the sum demanded.

This petitioner had notice of the general object of the bill as it stood originally and that it called for an equitable settlement of the ship's accounts between the owners; and we think he may well be regarded as having notice of the first amendment stating Merrill's claim at $5000 and interest, so that, had nothing else been included, and the proper amount had been credited coming from Crocker, Wood and Company, he would have no cause of complaint, and at all events no remedy for the result of his own laches.

The respondent's answer admits there was error in the taxation of costs against the petitioner, but says that he has already

remitted the amount thereof upon the execution and by docket entry, and his counsel in argument claims that the case is not brought within any of the causes for which a review may be granted because it does not appear that injustice has been done the petitioner touching anything but the costs, and that has been rectified.

He offers, moreover, in view of the want of notice upon the second supplemental bill and of the hearing before the auditor, in behalf of the respondent to remit all that portion of the sum adjudged against the petitioner that rests upon any items of advances save the $5000 and interest thereon, specified in the amendment filed before the petitioner was defaulted, and thereupon claims that such remission would bring the case within the rules respecting the granting of reviews adverted to in *Hobbs* v. *Burns*, 33 Maine, 233; and *Parker* v. *Currier*, 24 Maine. 168.

It is clear that unless the respondent so remits within a reasonable time to be fixed by the judge at *nisi prius*, and pays the costs of these proceedings, and further stipulates that the $3500 paid by Crocker, Wood and Company shall be allowed as a partial payment on the $5000 and interest originally claimed, so that the petitioner should be held only for his proportion of the balance thus ascertained, the review ought to be granted unconditionally with costs upon this petition. If he does this, we see no good reason why the petitioner should gain by his remissness the advantage which he might have if he were now allowed, after the lapse of more than twenty years since the transaction, to put the representative of the deceased to the proof of a debt the justice of which he acknowledged by the default to which he so long submitted. He presents no testimony to suggest even a doubt that the $5000 was actually advanced by Ambrose Merrill. When the original suit was commenced if any part of the sum had been refunded, it would seem to have been readily susceptible of proof, but the petitioner then declined the contest; and in the absence of any testimony here tending to show that the claim was false, we think he should not be permitted to enter upon it now.

He bases his claim upon the irregularities in the proceedings. True, the appointment of an auditor in a proceeding of that description was not according to the ordinary course, and the acceptance of his report made without any notice to the respondents of a hearing before him can be accounted for only because it seemed that all he had to do was to make an arithmetical computation upon the facts admitted by the default. It is doubtless competent for the court to enter a decree upon a computation thus made by any one who can do it correctly, whether specially appointed or not, and the adoption of the calculation by the court would dispense with the necessity of a special appointment or commission to the servant of the court who made it.

Upon the case here presented our conclusion is that if the respondent fails to comply¹ with the terms above prescribed, the review is to be granted. If he performs what is herein required of him so that the decree may be amended to conform herewith, justice will not require it.

*Case remanded for further proceedings.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.