### FISHER v. SIMON et al.

(Circuit Court of Appeals, Eighth Circuit. March 25, 1895.)

#### No. 464.

1. APPEALABLE DECREES—ORDER VACATING FINAL DECREE.
   An order setting aside a final decree at the succeeding term *held* not a "final decision," from which an appeal would lie (Act March 3, 1891, § 6), where the appellant obtained leave to amend the bill, and inserted therein additional allegations as to the citizenship of the parties, after the circuit court had vacated its former decree.

2. DECREES—VACATING AFTER END OF TERM.
   A federal circuit court has power to set aside, on motion, after as well as before the end of the term, a final decree which the judge has been induced to enter by false representations as to its character. U. S. v. Williams, 67 Fed. 384, followed.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

G. S. Cunningham (J. W. Martin, on the brief), for appellant.

John McClure, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is an appeal which was taken by the complainant in the case of William H. Fisher v. Charles M. Simon et al. after the circuit court had vacated the final decree which was rendered therein on October 21, 1893, under the circumstances fully stated in the case of U. S. v. Williams, 67 Fed. 384, which has just been decided. After the circuit court had set aside the decree, the record shows that the complainant, Fisher, asked and obtained leave to amend his complaint, and did amend the same, by inserting therein an allegation that the complainant was a resident of Texas, and that the defendants were residents of the state of Arkansas. Thereupon the defendants were allowed until the first Monday in December, 1893, within which to plead to the amended bill, and the complainant, on his part, prayed for an appeal to this court, which was allowed. The appeal so taken is the one now before us for consideration.

Whatever doubt we might otherwise have entertained as to whether the order setting aside the final decree of October 21, 1893, at the succeeding term, was a "final decision," from which an appeal would lie under section 6 of the act of March 3, 1891, must be resolved against the appellant by his action in taking leave to amend his bill, and by inserting therein, in pursuance of such leave, additional allegations as to the citizenship of the parties, after the circuit court had vacated its former decree. After the bill was so amended the defendants were entitled to file an answer thereto, as this court has recently

had occasion to decide in the case of Nelson v. Eaton, 66 Fed 376. Moreover, in disposing of the appellant's application for a writ of prohibition, we have already decided that on the state of facts disclosed by the respondent's return the circuit court had power to vacate the decree of October 21, 1893. In any aspect of the case, there does not seem to have been such a final decision as would authorize the present appeal. Wherefore the appeal must be dismissed, and it is so ordered.