## In re BROADWAY SAVINGS TRUST CO.

### (Circuit Court of Appeals, Eighth Circuit. March 19, 1907.)

### No. 78.

1. **BANKRUPTCY—JURISDICTIONAL FACT—PURSUIT IN WHICH CORPORATION IS ENGAGED IS NOT.**

   Neither the allegation nor the fact that a corporation is engaged principally in manufacturing; trading, printing, publishing, mining or, mercantile pursuits is jurisdictional in a proceeding in bankruptcy.

2. **SAME—AMENDED PETITION—DEFAULTING CREDITOR NOT ENTITLED TO ANSWER.**

   A creditor, who fails to appear or answer a petition in bankruptcy within the time limited therefor by the bankruptcy law, thereby waives all objections to subsequent amendments thereof which do not change the substance of the cause of action there stated nor the extent of the relief there sought, and renounces his right to contest the cause of action of which the original petition gives fair notice.

(Syllabus by the Court.)

On Petition for Review.

S. W. Fordyce Jr., and Tyrrell Williams, for petitioner.

Stanley D. Pearce (Lee W. Grant, on the brief), for respondent.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. On July 27, 1906, three creditors filed a petition in the court below for the adjudication of the St. Louis Safe & Desk Company a bankrupt, but failed to allege that it was engaged principally in manufacturing, trading, printing, publishing, mining, or mercantile pursuits. Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], as amended by act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 683]. On August 20, 1906, they filed an amended petition which remedied this defect, the desk company filed an answer which admitted the averments of the latter petition, and the desk company was adjudged a

bankrupt. The last day for filing pleadings in response to the original petition was August 16, 1906, and on the next day the clerk made the formal order of reference of the petition to the referee, who took no action upon it. On August 23, 1906, the court adjourned and did not sit again until September 10, 1906, when the Broadway Savings Trust Company, a creditor of the desk company, which had not before appeared in the proceeding, filed a petition in the court below for the vacation of the adjudication and for leave to answer the amended petition, on the ground that the adjudication was made on the same day that the amended petition was filed, so that the Broadway Company and the other creditors of the desk company had no opportunity to appear and plead to it. On September 17, 1906, this petition was denied, and on October 1, 1906, the Broadway Company filed a petition to revise this order.

The original petition was demurrable and amendable. 1 Stat. 91, c. 20, § 32 [U. S. Comp. St. 1901, p. 696, § 954]; In re Plymouth Cordage Co., 135 Fed. 1000, 1003, 68 C. C. A. 434, 437.

The contention of counsel for the petitioner that the omitted allegation, or the fact that the desk company was engaged principally in one of the pursuits which subjected it to the adjudication, was jurisdictional, has received deliberate and studious consideration, and our conclusion, the reasons for it, and authorities in support of it may be found in our opinion in Re First National Bank of Belle Fourche, which is filed herewith.[1] Our judgment is that neither the allegation nor the fact was jurisdictional, because neither conditioned the power of the court to hear the cause and decide every issue in it between the parties. It had the same jurisdiction of the cause and of the parties, and the same power to determine the issues between them, whether the desk company was or was not engaged in one of the pursuits mentioned in section 4b of the bankruptcy law. The only difference the decision of that issue made was that if it was so engaged the court should have given judgment for the petitioners, and if it was not so occupied it should have refused to adjudicate the desk company a bankrupt.

The only remaining question is, was it error for the court below to adjudge the desk company a bankrupt upon the amended petition without notice to or time for creditors who had defaulted to appear or answer it? A proceeding in bankruptcy is a proceeding in equity, and the rules and practice in equity prevail in its conduct as far as they are consonant with the speedy administration of justice which it prescribes. Parties who have appeared in a suit in equity or in bankruptcy are entitled to a reasonable time to demur or answer an amended pleading of their adversary. Lockman v. Lang, 132 Fed. 1, 6, 65 C. C. A. 621, 626; Files v. Brown, 124 Fed. 133, 142, 59 C. C. A. 403, 412; Nelson v. Eaton, 13 C. C. A. 523, 525, 66 Fed. 376, 378; Davis v. Davis, 62 Miss. 818; Fisher v. Simon, 14 C. C. A. 443, 67 Fed. 387; French v. Hay, 89 U. S. 238, 246, 22 L. Ed. 799; Blythe v. Hinckley (C. C.) 84 Fed. 228, 242. But the filing of an amended petition is not the commencement of a new suit, unless it states a new cause of action or seeks more extensive relief or brings in new parties. It is the continuance of the same suit, and it does not necessitate the issue of a new subpœna to parties already before the court in equity. Cun-

[1] 152 Fed. 64.

ningham v. Pell, 6 Paige (N. Y.) 657. The federal courts sitting in equity always have the power to permit amendments of the pleadings to conform them to the proof, even after the hearing. The Tremolo Patent, 90 U. S. 518, 527, 23 L. Ed. 97; Neale v. Neale, 9 Wall. 1, 9, 19 L. Ed. 590.

If the Broadway Company had appeared or answered the original petition, it would have preserved its right to notice of subsequent proceedings and to answer any amended petition that might have been subsequently filed. But it was not the defendant in this suit. It was not required to be, and was not subpœnaed to answer the petition. The bankruptcy law gave it and all other creditors in its situation the option to appear and answer the petition during a time limited, or to refuse to do so. It elected to renounce this privilege, to waive this right. It made no appearance and filed no answer. Nevertheless, if the substance of the cause of action stated in the original petition had been radically changed by the subsequent amended petition, if more extensive relief had been sought and secured thereby, so that the original petition failed to constitute fair notice of the adjudication actually obtained, the Broadway Company and other creditors might have had the right in equity to an opportunity to answer the second petition. McClenny v. Ward, 80 Ala. 243; Fogg v. Merrill, 74 Me. 523, 526. But the adjudication rendered was the exact relief sought in the original petition, and it was founded upon the cause of action substantially, but defectively, there stated. The Broadway Company had as complete a notice by the original petition of the cause of action which the petitioners presented and of the relief which they sought as it could have received from the amended petition. It was not ignorant of the law, and it knew that the original petition was amendable. By its failure to appear or answer, it waived its right to contest the cause of action there substantially stated, and all objections to subsequent amendments of that statement which did not change its character nor the extent of the relief it sought. Our conclusion is that a creditor who fails to appear or answer a petition in bankruptcy within the time limited therefor by the bankruptcy law thereby waives all objections to subsequent amendments thereto which do not change the substance of the cause of action there stated nor the extent of the relief there sought, and renounces his right to contest the cause of action of which the original petition gives him fair notice.

The court below committed no error either in its adjudication of the desk company a bankrupt immediately upon the filing of the amended petition, or in its subsequent refusal to vacate that adjudication. The petition is accordingly dismissed upon the merits.

No opinion has been formed or is intimated upon the questions presented by the motion to dismiss on the ground that the petition was not filed in time, because our opinion upon the merits has rendered it unnecessary to decide these questions.