### In re JONES.

(District Court, E. D. Tennessee, N. D. November 14, 1913.)

#### No. 1,410.

Bankruptcy (§ 89*)—Involuntary Proceedings—Demurrer to Petition.

Proceedings in bankruptcy are to be conducted in accordance with the rules and practice in equity in so far as consistent with the Bankruptcy Act and general orders in bankruptcy; and in view of new equity rule 29 (33 Sup. Ct. xxvii), which abolishes demurrers, a demurrer will not lie to a petition in involuntary bankruptcy, but any defense in point of law arising on the face of the petition must be made by motion to dismiss or in the answer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 120–122; Dec. Dig. § 89.*]

In Bankruptcy. In the matter of Mary Jones, alleged bankrupt. On demurrer to petition to adjudicate her a bankrupt, and on motion of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

petitioning creditors for leave to amend. Demurrer and petition overruled.

E. G. Stooksbury, of Knoxville, Tenn., and H. B. Brown, of Jellico, Tenn., for creditors.

Bowen & Anderson, of Knoxville, Tenn., for other creditors.

John Jennings, Jr., of Jellico, for alleged bankrupt.

SANFORD, District Judge. 1. The demurrer to the petition in bankruptcy must be stricken out without consideration of its merits. Proceedings in bankruptcy generally are in the nature of proceedings in equity. Bardes v. Hawarden Bank, 178 U. S. 524, 535, 20 Sup. Ct. 1000, 44 L. Ed. 1175. In so far as consistent with the provisions of the Bankruptcy Act and the General Orders in Bankruptcy they are to be administered in accordance with the rules and practice in equity. In re Broadway Savings Trust Co. (8th Circ.) 152 Fed. 152, 153, 81 C. C. A. 58; Westall v. Avery (4th Circ.) 171 Fed. 626, 628, 96 C. C. A. 428; Collier on Bank'cy (9th Ed.) 21; 1 Remington on Bank'cy, § 20, p. 37; 3 Remington on Bank'cy, § 20, p. 3. And the 37th General Order in Bankruptcy (89 Fed. xiv, 32 C. C. A. xxxvi) specifically provides that:

"In proceedings in equity, instituted for the purpose of carrying into effect the provisions of the act, or for enforcing the rights and remedies given by it, the rules of equity practice established by the Supreme Court of the United States shall be followed as nearly as may be."

However, by rule No. 29 of the Rules of Equity Practice (33 Sup. Ct. xxvii), which were promulgated by the Supreme Court November 1, 1912, and went into effect on February 1st of this year, demurrers are abolished, and it is provided that every defense in point of law arising upon the face of the bill which might heretofore have been made by demurrer shall be made by motion to dismiss or in the answer. I think it is clear that under the authorities above cited the necessary effect of this new equity rule is to abolish demurrers to petitions for an adjudication in bankruptcy, and to require that every defense in point of law arising upon the face of such petition which might heretofore have been made by demurrer shall be made by motion to dismiss or in the answer. For that reason, without considering the sufficiency of the demurrer otherwise, it must be stricken out.

2. The petition of the petitioning creditors for leave to amend the original petition for an adjudication so as to specifically allege as an act of bankruptcy a preference through legal proceedings, as set forth in said petition to amend, must be denied, for the reason that the proposed amendment, as set forth in the petition to amend, does not show that the alleged act of bankruptcy was committed within four months prior to the filing of the original petition in bankruptcy.

3. An order will accordingly be entered striking out the said demurrer and denying the petitioners leave to amend, as prayed.