### OGDEN et al. v. GILT EDGE CONSOL. MINES CO. et al.

(Circuit Court of Appeals, Eighth Circuit. June 23, 1915.)

No. 155.

1. BANKRUPTCY ⟨key⟩441—PETITION TO REVISE ORDER—STATUTE—"PROCEEDING IN BANKRUPTCY"—"CONTROVERSY ARISING IN BANKRUPTCY PROCEEDINGS."

Under Bankr. Act July 1, 1898, c. 541, §§ 24b, 25a1, 30 Stat. 553 (Comp. St. 1913, §§ 9608, 9609), providing that appeals as in equity cases may be taken in bankruptcy proceedings from a judgment adjudging or refusing to adjudge the defendant a bankrupt, and giving Circuit Court of Appeals jurisdiction to revise in matters of law the proceedings of courts of bankruptcy, an order of a District Court in bankruptcy refusing to grant leave to intervene to stockholders of defendant corporation to contest the grounds upon which an adjudication in involuntary bankruptcy was sought could be reviewed by the Circuit Court of Appeals on a petition to revise; such a proceeding not being to review an adjudication in bankruptcy, but a "proceeding in bankruptcy" as distinguished from a "controversy arising in bankruptcy proceedings."

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 914; Dec. Dig. ⟨key⟩441.

For other definitions, see Words and Phrases, First and Second Series, Controversy arising in bankruptcy proceedings; Bankruptcy proceedings.]

---

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ⬥440—APPEALS—STATUTE.

The only cases in which an appeal can be taken in bankruptcy proceedings are those mentioned in Bankr. Act, § 25a, providing for appeals from a judgment adjudging or refusing to adjudge defendant a bankrupt, from a judgment granting or denying discharge, and from a judgment allowing or rejecting a claim of $500 or over.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ⬥440.]

3. BANKRUPTCY ⬥88—INVOLUNTARY PROCEEDINGS—ANSWER—VERIFICATION —SUFFICIENCY.

Where the answer denying insolvency, filed by stockholders of a corporation defendant in bankruptcy petitioning for leave to intervene, was certified after the signatures of the petitioners: "Subscribed and sworn to before me this 22d day of August, 1914. Geo. D. Orr, Notary Public. [Notarial Seal]"—the verification was sufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 58, 98, 104, 109–112; Dec. Dig. ⬥88.]

4. BANKRUPTCY ⬥52—BANKRUPTCY PROCEEDINGS—EQUITABLE CHARACTER.

Bankruptcy proceedings are equitable in nature, and bankruptcy courts administer the law according to the spirit of equity.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⬥52.]

5. CORPORATIONS ⬥206—STOCKHOLDER'S SUIT—EQUITABLE CHARACTER.

The doctrine is a well-recognized principle of equity jurisprudence that stockholders of a corporation may sue for or defend on behalf of the corporation, if the directors fraudulently fail to do so, or where they are the beneficiaries of the action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 791–796; Dec. Dig. ⬥206.

Right of stockholders to sue or defend on behalf of corporation, as dependent on refusal of corporation or officers to act, see note to Eagle Iron Co. v. Colyar, 87 C. C. A. 390.]

6. CORPORATIONS ⬥206—STOCKHOLDER'S SUIT—RULE OF COURT.

Where the allegations in a petition for leave to intervene in bankruptcy proceedings of stockholders of the defendant corporation, and the proposed answer made a part thereof showed that an adjudication in bankruptcy was not being opposed by the directors, so that they might acquire the property at less than its value, equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv), requiring that the stockholder of a corporation, seeking to bring a stockholder's action, must have endeavored to secure such action as he desires on the part of the directors, will be dispensed with, as is the case where the pleadings show that the interests of the directors are antagonistic to those of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 791–796; Dec. Dig. ⬥206.]

7. BANKRUPTCY ⬥88—PROCEEDINGS AGAINST CORPORATION—INTERVENTION BY STOCKHOLDERS—LACK OF SPECIFICATION IN ALLEGATIONS—REMEDY.

Where the allegations in a proposed answer, which stockholders of a corporation, defendant in bankruptcy, sought leave to file, were not specific enough in charging fraud against the directors, motion to make more specific would have been proper.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 58, 98, 104, 109–112; Dec. Dig. ⬥88.]

8. BANKRUPTCY ⬥88—PROCEEDINGS AGAINST CORPORATIONS—STOCKHOLDER'S DENIAL OF LEAVE TO INTERVENE.

Where the petition of stockholders in a corporation, defendant in bankruptcy, for leave to intervene, was denied on the ground that the allegations of their proposed answer were not specific enough in charging di-

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rectors with fraud, it was error to refuse amendment, when requested by the parties, since in equity proceedings the parties are entitled to a reasonable time to amend.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 58, 98, 104, 109–112; Dec. Dig. ⊙—88.]

Petition to Revise Order of the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

In the matter of the bankruptcy of the Gilt Edge Consolidated Mines Company. Petition by Robert N. Ogden and another to revise an order in bankruptcy of the District Court denying leave to intervene. Petition granted, and order set aside, with directions.

This is a petition to revise an order of the District Court, made in a proceeding in bankruptcy, which finally resulted in the adjudication of the respondent, Gilt Edge Consolidated Mines Company, a corporation, a bankrupt in an involuntary proceeding. The facts alleged in the petition are that on August 5, 1914, the respondents, Claudon, Achard, and Holinger, claiming to be creditors of the Mines Company, filed a petition in involuntary bankruptcy against it. The acts of bankruptcy alleged were that "the Mines Company is insolvent, and that within four months next preceding the date of this petition the said Gilt Edge Consolidated Mines Company committed an act of bankruptcy in that it did heretofore, to wit, on the 7th day of April, 1914, suffer and permit a judgment to be entered against it in the circuit court of the county of Lawrence, in the state of South Dakota, in the Eighth judicial district, in favor of Moses E. Clapp, William D. Lawry, and John L. Turner, for the sum of $12,000, and failed and neglected to pay the same; that on the 7th day of April, 1914, an execution was issued on said judgment against the said Gilt Edge Consolidated Mines Company for said sum of $12,000, and that the sheriff of said Lawrence county, in the state of South Dakota, to whom said execution was directed, levied the same upon the property of said Gilt Edge Consolidated Mines Company, situated in the county of Lawrence, state of South Dakota (the lands levied on are described); that on the 11th day of May, 1914, all of the aforesaid property was sold by said sheriff under said execution to R. M. Ogden, as trustee for the said Moses E. Clapp, William D. Lawry, and John L. Turner, for the sum of $12,109.62, and that no redemption has been made from said sale by said Gilt Edge Consolidated Mines Company or by any person in its behalf; that on the 17th day of June, 1914, the said Gilt Edge Consolidated Mines Company suffered and permitted a judgment to be entered against it in the circuit court of Lawrence county, state of South Dakota, in favor of one Seth W. Ford, for the sum of $2,475.94, which said judgment remains unpaid and unsatisfied; that the said Gilt Edge Consolidated Mines Company owes debts to the amount of $70,000 or thereabouts, which it is unable to pay:" that the petitioners, being stockholders of the corporation, one owning 50,000 shares and the other 10,000 shares, filed their petition in the District Court on August 22, 1914, asking leave to intervene in the bankruptcy proceedings and to file an answer denying the insolvency of the corporation.

With this petition they filed a proposed answer on behalf of the corporation, in which they allege and charge: "Upon information and belief that the officers and directors of said company have refused and refuse to file an answer of said petition or to make any defense thereto; that your interveners first became aware on August 15, 1914, that a petition in bankruptcy was filed herein, the same being made returnable on August 18, 1914; that they immediately telegraphed E. A. Beaman at Providence, R. I., the president of said company, and L. A. Hippach, at Chicago, Ill., vice president thereof, both of them being also directors of said company, as follows: 'As stockholders of Gilt Edge Company we request you to contest bankruptcy proceeding. Please wire us your intentions at our expense.' To which telegram they received on August 17, 1914, the following reply from E. A. Beaman dated at Providence, R. I., on August 17, 1914: 'Will immediately consult directors in Chicago and inform

you of their decision.' Upon information and belief that the return day of the subpœna in bankruptcy is August 18th, and the time for answer will expire on Sunday, August 23d, or upon the following Monday, the 24th; that your interveners have had no further word from the said Beaman, or from any of the directors or officers of the said company. Upon information and belief that the said officers and directors of said company are or claim to be by far the largest creditors thereof, claiming to own all of·the obligations outstanding against it, with the exception of about $15,000, and that they are not therefore disinterested representatives of said company and its stockholders. Upon information and belief that it is the desire of said officers and directors of said company to depress the value of the property of said company and to discredit the same, in order· that they may themselves purchase said property for a small fraction of its actual value and for a small fraction of the value which they themselves believe the said properties to possess, thereby obtaining complete ownership and control thereof, and divesting these interveners and stockholders of said company similarly situated of their interest in said property without paying them anything therefor, and depriving them of all rights of redemption given them and said company by the state statute. Your interveners further allege upon information and belief that there is in the treasury of said company a large amount of treasury stock, which was placed in the treasury in order that it might be sold, and the proceeds thereof devoted to the payment of the debts of said company, and for the development of said property, but that the directors and officers of said company have made no effort, or insufficient efforts, for the sale thereof. Upon the contrary, these interveners allege upon information and belief that the officers and directors and other stockholders of said company, who have made or claim to have made advances to the company for which they allege the company is now indebted to them, agreed to accept in payment of such advances the treasury stock of the company, but that they have wrongfully omitted or refused so to do for the purpose of creating a large indebtedness against said company, which indebtedness forms the basis of the present bankruptcy proceeding; that said officers and directors have willfully neglected and still willfully neglect· to levy any assessment upon the capital stock of said company for the purpose of meeting the just obligations thereof; that all of said acts and omissions on the parts of the officers and directors of said company, including the present proceeding in bankruptcy, have been for the purpose and with the intent on their part of depreciating the value of the properties of said company, in order that they may purchase the same for themselves and for those interested with them at less than their real value, and without affording the company or its stockholders the period of redemption provided by the state laws of South Dakota."

After the signatures to the answer by the petitioners herein the following certificate appears: "Subscribed and sworn to before me this 22d day of August, 1914. Geo. D. Ore, Notary Public. [Notarial Seal.]"

The motion for leave to intervene was denied by the court, and the answer stricken from the files of the court, upon the ground that it had been filed without leave.

One Seth W. Ford, a judgment creditor of the Mining Company, also asked leave to intervene and file an answer denying the insolvency of the Mining Company, which was denied; but, as Mr. Ford is not a party to this proceeding, the action of the court denying him leave to intervene is not before us.

Ogden & Ogden and Martin & Mason, all of Deadwood, S. D., for petitioners.

M. Marso, of Chicago, Ill., for respondents.

Before ADAMS, Circuit Judge, and TRIEBER and REED, District Judges.

TRIEBER, District Judge (after stating the facts as above).    [1] On behalf of the respondents it is claimed that a petition to revise cannot be maintained in this action, but that the proper remedy was by

appeal. The ground upon which this claim is based is that an adjudication in bankruptcy can only be reviewed upon appeal. Section 25a1, Bankruptcy Act. But this is not a proceeding to review the adjudication, but the action of the District Court refusing to permit the petitioners to intervene for the purpose of making a defense, the officers of the corporation fraudulently refusing to do so. Section 24b of the Bankruptcy Act gives the Circuit Courts of Appeal jurisdiction to revise in matter of law the proceedings of courts of bankruptcy. We are of the opinion that an order of the bankruptcy court, granting or refusing to grant leave to a party to intervene for the purpose of contesting the grounds upon which an adjudication in an involuntary bankruptcy proceeding is sought, may be reviewed by the Circuit Court of Appeals on a petition to revise. This is clearly a proceeding in bankruptcy, as distinguished from a controversy arising in bankruptcy proceedings. A very able opinion on the distinction between proceeding in bankruptcy and controversies arising in bankruptcy proceedings will be found in Thompson v. Mauzy, 174 Fed. 611, 98 C. C. A. 457 (4th Ct.).

[2] The only cases in which an appeal can be taken in bankruptcy proceedings are those mentioned in section 25a of the Bankruptcy Act. Morehouse v. Pacific Hardware Co., 177 Fed. 337, 100 C. C. A. 647. This petition does not state any facts which brings it within either of the three causes mentioned there.

[3] The objection that the verification is insufficient is too technical and cannot be sustained. The answer was signed by the petitioners and, as certified by the notary public, they swore to it before him. This is all that is necessary. The petition for leave to intervene states:

"That the said company has filed no answer or appeared in connection with the said bankruptcy proceedings, and that your petitioners claim an interest as stockholders in said company, and pray leave to contest said petition in bankruptcy and deny the insolvency of the said company, and to submit the question of the solvency thereof to a jury, as more fully appears by the annexed proposed answer, which is hereby made a part of this petition."

The allegations in the proposed answer are set out in the statement of facts herein and need not be repeated. The petition to intervene was not heard until January 9, 1915, and was then denied by the court. On the same day the petitioners filed a motion for leave to amend the proposed answer and intervention "by alleging in greater detail and with certainty the facts constituting fraud on the part of the directors and of the corporation in failing to defend against the petition in bankruptcy herein, and in filing an answer in behalf of the alleged bankrupt admitting its insolvency and consenting to its being adjudged a bankrupt" which was by the court denied. The answer on behalf of the corporation was filed on September 1, 1914, but entered nunc pro tunc as of August 21, 1914. It contained an admission of all the allegations of the petition for the involuntary proceeding and a consent that it be adjudicated a bankrupt.

[4] Bankruptcy proceedings are in the nature of proceedings in equity, and bankruptcy courts administer the law according to the spirit of equity. Bardes v. Hawarden Bank, 178 U. S. 524, 535, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Lockman v. Lang, 132 Fed. 1, 6, 65

C. C. A. 621; Id., 128 Fed. 279, 62 C. C. A. 550, 555; In re Broadway Savings Trust Co., 152 Fed. 152, 81 C. C. A. 58.

[5] That stockholders of a corporation may, in equity, either sue for or defend on behalf of the corporation, if the directors fraudulently fail to do so, or where they are the beneficiaries of the action, is a well-recognized principle of equity jurisprudence. Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Bronson v. La Crosse R. Co., 2 Wall. 283, 17 L. Ed. 725; In re Swofford Brothers D. G. Co. (D. C.) 180 Fed. 549, 553.

[6-8] Equity rule 27, formerly 94 (198 Fed. xxv, 115 C. C. A. xxv), which requires certain preliminary steps to be taken by the stockholder before bringing his suit, will be dispensed with when the interests of the directors are antagonistic to those of the corporation, where this fact is shown by the pleadings. Delaware & Hudson Co. v. Albany & Susquehanna R. R. Co., 213 U. S. 435, 29 Sup. Ct. 540, 53 L. Ed. 862. The allegations in the petition for leave to intervene, and the proposed answer made a part thereof, clearly show such a condition of affairs as to justify stockholders to intervene and defend on behalf of the corporation, when the directors, charged with the protection of the corporate property, are adversely interested, and not only refuse to defend, but confess judgment, as is alleged in the proposed answer, and as is shown by the record to have been done. If the allegations in the proposed answer were not specific enough in charging fraud against the directors, a motion to make more specific would have been proper. But, in any event, when the petition for leave to intervene was denied upon that ground it was the duty of the court to permit an amendment when requested by the parties. It is well settled that in equity proceedings the parties are entitled to a reasonable time to amend their pleadings. A refusal to grant such leave is error. Files v. Brown, 124 Fed. 133, 142, 59 C. C. A. 403, 412; In re Broadway Savings Trust Company, supra.

The petition to revise is granted, and the order of the District Court, denying leave to petitioners to intervene and leave to amend the proposed answer, will be set aside, and the District Court directed to proceed in conformity with the views set forth in this opinion.