## In re HENRY KLEIN & CO., Inc.

### No. 22719.

District Court, E. D. New York.

Oct. 13, 1932.

Henry Waldman and Hays, St. John, Abramson & Schulman, all of New York City (Louis Posner, of New York City, of counsel), for petitioners.

Louis Bevier, of New York City, for petitioning creditors.

James A. Farrell, of New York City, for alleged bankrupt.

John H. Jackson, of New York City, for Great Island Corporation.

BYERS, District Judge.

This is a motion by eleven holders of preferred stock of the alleged bankrupt for leave to intervene in the proceeding, file an answer denying insolvency, and go to trial on that issue.

An involuntary petition was filed on July 13, 1932, two days after the directors had adopted a resolution authorizing the president to deliver to creditors a written state-

ment that the corporation was unable to pay its debts and was willing to be adjudicated a bankrupt.

On July 21, 1932, these petitioners procured an order to show cause returnable on the 27th of that month, based upon the petition now under examination, seeking the relief above stated.

Subsequent proceedings have been leisurely, for the answering affidavit, verified August 2, 1932, was not served until September 29th, nor filed until the following day, when the motion was argued.

The petitioners own over 300 shares of preferred stock, of an issue of 50,000 shares. It appears that about 6,000 or 6,250 shares are owned by The Great Island Corporation, the largest creditor by a wide margin. Also it appears that this creditor is represented by four of five members of the board of directors, and that this result was accomplished according to the provisions of written financing agreements entered into during the past two years or more; also that, under the by-laws of the corporation, the anticipated default in preferred dividends on August 1, 1932, would have automatically resulted in giving to the holders of preferred stock the right to elect a majority of the board of directors.

It is asserted in the petition and not denied in the answering affidavit, that the principal creditor does not own or control a majority of the preferred stock; if this is true, the constituency of the board might change if an election were to be held.

It is argued for the petitioners, that, to circumvent this possible development, the proceedings above recited were had.

The petition asserts that the corporation is solvent, within the test of the bankruptcy law. This is denied in the opposing papers. Attached to the latter is a balance sheet taken from the corporation books, as at June 30, 1932, which indicates an excess of assets over liabilities of $1,380,371.56.

This result is reached by carrying the land owned by the company, and the buildings, machinery and equipment at book value, which includes substantial depreciation figures, and the president avers that these entries are so greatly in excess of market values that they cannot be permitted to obscure the true fact of insolvency.

The same statement shows that current assets exceeded current liabilities by over 2⅓ to 1.

In other words, it is clear that this is the condition unfortunately common in these times, of the apparent disappearance of potential value on the part of a plant when it is shut down or operates at a loss, because of curtailment of demand for its products.

The corporation markets a fireproof veneer and finishing process, which is carried on the said statement at over a half million of dollars, and there seems to be a demand, even at present, for this product.

How far a sale in bankruptcy of the assets of this corporation would result to the benefit of the Great Island interests (the principal creditor) is purely a matter of conjecture. That the present directors feel that their first duty is to that creditor is manifest, and understandable.

That this duty prompts the president to state, under oath, that the book value of these assets is far in excess of their actual value, does not reflect upon his integrity, but it may indicate a greater loyalty to the interests that he represents than to the corporation, itself, and its other creditors.

That the question of solvency thus far rests in opinion rather than in evidence suggests that, in fairness to all concerned, the issue ought to be determined in the forum chosen by the directors and according to the process there prevailing.

■ The intervening petition of a minority stockholder will not be dismissed, even in voluntary proceedings. In re Beaver Cotton Mills (D. C.) 275 F. 498.

Under the equity powers of the court, the intervening petition of stockholders may be entertained. Ogden v. Gilt Edge Consolidated Mines Co. (C. C. A.) 225 F. 723.

■ It is urged, in opposition to this petition, that the latter does not come within the last-mentioned case, because there is no distinct allegation of fraudulent or wrongful act on the part of the directors. It is thought that the petition sufficiently alleges that, if the purpose of the directors thus far revealed is carried into effect, the financial interests which they in fact represent may benefit to the exclusion of other creditors and interested persons whose rights are involved.

If the directors are correct in their opinion that the corporation is insolvent, a trial of that issue cannot harm the principal creditor. If the opinion should prove to be mistaken, again the interests of the principal creditor would not suffer, and other interests would be protected.

The petition may be considered the an-

swer, and is deemed sufficient to present the facts as to which litigation is desired; the principal issue is as to the solvency of the alleged bankrupt, and that is clearly alleged.

Motion granted as a matter of discretion. Settle order on two days' notice.